## No. 363
## DUES & DUES v. ESSER

Ohio Appeals Dist., Auglaize County

**997. REAL ESTATE—Neither personal knowledge nor constructive notice by purchaser of high water overflow of lands, sufficient to constitute equitable estoppel.**

HUGHES, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

The original action was brought by Rudolph Esser in the Auglaize Common Pleas against Joseph J. Dues and Annie Dues, for a damage for breach of covenant of seizin, contained in that deed conveying to him 80 acres of land located in Shelby County, Ohio, near the south shore of the Loramie Reservoir. Esser claimed that the said Dues were not lawfully seized of the fee simple of 55 acres of the land, title to which was vested in the State of Ohio. The Dues filed another answer to the amended petition admitting the execution and delivery of the deed, but denied other allegations, and plead equitable estoppel as two separate defenses.

The Reservoir is part of the old canal system. The State originally owned the 80 acres by title received in Congress. And in 1853 conveyed by patent to one William Shank without restrictions or reservations, and the change of title is complete and unbroken from Shank to Esser. In times of extreme rainfall, the waters of the Reservoir encroach upon part of the land; it is claimed that Esser immediately before he purchased the land went upon it and viewed it, the water then being high and 20 acres of the land were covered by backwater, and that in the change of title in five different deeds are found the restriction "subject to flow of the Loramie Reservoir" and words of like import. The second defense covered the question of personal knowledge by Esser of the land being subject to overflow and this defense is admitted in the reply of Esser. The third defense covers the question of reservations, etc., contained in the five deeds of record.

The demurrer of Esser to the second and third defenses was overruled and the trial court held that Esser was estopped from asserting his claim. Whereupon Esser filed petition in error to the Court of Appeals, and this court held as follows:

1. The petition plead a case purely for damages for breach of covenants of seizin and warranty. The issues attempted by the second and third defenses entitled defendant to a jury trial of the issues raised, and the court erred in hearing the evidence on the second defense or either of them without a jury.

2. We are of the opinion that these two purported defenses are not sufficient in law to constitute an equitable estoppel against plaintiff, and the demurrers thereto should have been sustained.

3. We do not mean to infer that the facts set forth in these two defenses might not be available to defendants to lessen the damages. If plaintiff had lost land that he knows was of little value, these facts might be shown to establish the actual loss incurred by the breach of covenants. Judgment reversed and cause remanded for a new trial.

Attorneys—Anderson & Boesel, Wapakoneta, for Dues; for Esser, not given.